**UNITED STATES COURT OF APPEALS**

**Filed 1/3/96**

**TENTH CIRCUIT**

RANDALL ALLEN RUST,

          Plaintiff - Appellant,

        v.

SGT. FERRO,

          Defendant - Appellee.

No. 95-1307

(D. Colorado)

(D.C. No. 95-S-465)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON, BARRETT,** and **LOGAN,** Circuit Judges.


      After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

[1]appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered

submitted without oral argument.

      Randall Allen Rust filed an action under 42 U.S.C. § 1983 against Sergeant Ferro

in his capacity as an Arapahoe County deputy sheriff.  The district court dismissed before

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

service pursuant to 28 U.S.C. § 1915(d). Rust appeals on procedural and substantive grounds.

A court may dismiss an in forma pauperis case "if satisfied that the action is frivolous." 28 U.S.C. § 1915(d); Hall v. Bellmon, 935 F.2d 1106, 1108 (10th Cir. 1991). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). This determination may be made "sua sponte before the defendant has even been asked to file an answer." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "[W]henever a plaintiff states an arguable claim for relief, dismissal for frivolousness under § 1915(d) is improper, even if the legal basis underlying the claim ultimately proves incorrect." Hall, 935 F.2d at 1109 (quoting McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991)); see Abbott v. McCotter, 13 F.3d 1439, 1441 (10th Cir. 1994). Liberally construing pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972), we review a § 1915(d) dismissal for abuse of discretion. Denton, 504 U.S. at 33.

Rust, a Colorado state prisoner at the Arkansas Correctional Facility, filed a complaint alleging false imprisonment. He claimed that he was held four days "against his will after bond had been posted," in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Complaint at 2. On appeal, Rust contends that he was falsely imprisoned in violation of the Fourth, Fifth, and Fourteenth Amendments. The district court found Rust's complaint vague, conclusory, and inarguable and accordingly dismissed the complaint. We respectfully disagree because although the

- 2 -

claim stated in the complaint may be deemed ambiguous and mislabeled, it is not inarguable.

Rust alleged that bond was set on May 3, 1994, posted on May 5, 1994, and signed by Judge Dana Murray on May 6, 1994. He claimed that he repeatedly asked Ferro about his bond status and that Ferro continually responded that no bond had been posted. He also alleged that on one occasion Ferro said, "This is my fucking jail and I'll let you go when I feel like it." Complaint at 3. Finally, Rust stated that on May 9, 1994, Judge Murray asked why Rust was still being held since the bond had been posted days before. Construing the pro se plaintiff's complaint liberally, Haines, 404 U.S. at 520, we find that Rust stated an arguable claim of unlawful detainment despite mislabeling his alleged constitutional violation as an Eighth Amendment violation, rather than a liberty interest protected by the Fourteenth Amendment.[2]

To recover on his § 1983 claim against Ferro, Rust must show that Ferro acted under state law and deprived him of a right secured by the United States Constitution. West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327 (1986)). We express no opinion as to the ultimate merit of such a claim here, only noting that it is not

_____

[2]The Fourteenth Amendment, rather than the Eighth Amendment, protects the rights of pretrial detainees. See, e.g., Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979); Garcia v. S.L. County, 768 F.2d 303, 307 (10th Cir. 1985); Harris v. Angelina County, Tex., 31 F.3d 331, 334 (5th Cir. 1994).

inarguable.  See, e.g., Baker v. McCollan, 443 U.S. 137, 145 (1979); Poe v. Ullman, 367 U.S. 497, 543 (1961) (Harlan, J., dissenting).  Likewise, contrary to Ferro's argument on appeal, it is not inarguable, in view of the language quoted above, that Rust's complaint implicates Ferro personally, thus rendering Eleventh Amendment immunity inapplicable.

For the foregoing reasons, the judgment of the district court is REVERSED and REMANDED to the district court for further proceedings consistent with this order and judgment.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge